UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PEDRO ARIAS,

          Petitioner,

       -against-

JOHN H. SABOURIN, SUPERINTENDENT OF
BARE HILL CORRECTIONAL FACILITY, AND
ELIOT SPITZER, ATTORNEY GENERAL OF
THE STATE OF NEW YORK,

          Respondents.
------------------------------------------------------------X

REPORT AND RECOMMENDATION

01 Civ. 9986 (GBD)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/06

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Pedro Arias ("Arias") has petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contends that his confinement by the state of New York is unlawful because: (a) evidence obtained from an unlawful search and seizure of his person was introduced at his trial in violation of the Fourth Amendment; (b) his arrest was effected in violation of the Fourth Amendment; (c) the prosecution withheld Brady[1] material from him in violation of his Fourteenth Amendment due process right; (d) the prosecution elicited perjured testimony at his trial in violation of his Fourteenth Amendment due process right; and (e) he was denied his Sixth Amendment right to a fair trial when he was prevented from cross-examining a trial witness fully.

---

[1] Under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), the prosecution is obligated to disclose to a criminal defendant exculpatory information which is known to be material to a defendant's guilt or punishment. The defendant is denied due process of law if the prosecution suppresses such material.

The respondent opposes the petitioner's application for habeas corpus relief on the grounds that all five of the claims raised by the petitioner are: (1) unexhausted; (2) procedurally barred; and/or (3) meritless.

## II. BACKGROUND

On July 16, 1995, an undercover detective, Devon Walters ("Walters"), participating in a "buy and bust" operation being conducted by New York City police officers in the vicinity of 149th Street and Trinity Avenue, Bronx County, New York, approached Jose Tejado ("Tejado") and Arias, who were seated next to one another on milk crates. Walters indicated that he was seeking to purchase drugs. Arias handed Tejado a radio that he had been holding. Arias directed the detective to sit next to Tejado because "you don't want nobody [to] know what's up." Arias then stood approximately three feet away from the two men, looking up and down the street. Tejado asked Walters what he wanted. Walters responded that he wanted two "dimes." Tejado removed two glassine packets of cocaine from the radio and handed them to Walters in exchange for $20 of pre-recorded buy money.

After the sale had been completed, Walters communicated with other police officers via radio. Thereafter, Detective Jose Burgos ("Burgos"), a member of the "buy and bust" team of officers who were working with Walters, traveled to the scene of the cocaine purchase. The radio transmission Walters made to the other officers contained descriptions of the cocaine sellers. Tejado, who was in the midst of a second cocaine sale transaction when Burgos arrived at the scene, threw a bag of cocaine into the air; it landed in front of Burgos. Tejado, Arias, and Tejado's customer were taken into custody and held at the scene of the cocaine sale transactions. Walters drove to that location and confirmed for his colleagues that they had apprehended the

two persons who had participated in selling cocaine to him. Tejado and Arias were then searched. Pre-recorded buy money used by Walters to purchase the two glassine packets of cocaine was recovered from each of them.

On July 31, 1995, a grand jury indicted Arias. On September 17, 1996, a combined Dunway[2]/Wade[3]/Mapp[4] hearing was held to address a motion made by Arias to exclude physical and identification evidence from his trial and to challenge the existence of probable cause for his arrest. The trial court denied Arias' motion after the hearing was completed.

On June 12, 1997, a petit jury convicted Arias for Criminal Sale of Controlled Substance in the Third Degree, a violation of New York Penal Law § 220.39 (1), and Criminal Possession of a Controlled Substance in the Third Degree, a violation of New York Penal Law § 220.16(1). Thereafter, Arias was sentenced to six and one-half years to thirteen years imprisonment for each of the offences for which he was convicted. The trial court directed that the sentences imposed on Arias run concurrently.

Arias appealed from the judgment of conviction to the New York State Supreme Court, Appellate Division, First Department ("Appellate Division"). Arias asked the court to upset his

---

[2]In Dunaway v. New York, 442 U.S. 200, 214-16, 99 S. Ct. 2248, 2257-58 (1979), the United States Supreme Court held that seizures of suspects are reasonable only if supported by probable cause. A hearing held pursuant to Dunaway addresses the propriety of a suspect's arrest under the Fourth Amendment.

[3]A hearing held pursuant to United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926 (1967), determines whether procedures used to identify the defendant as the perpetrator of a crime were proper.

[4]In Mapp v. Ohio, 367 U.S. 643, 655, 81 S. Ct. 1684, 1691 (1961), the United States Supreme Court held that all evidence obtained by searches and seizures in violation of the Constitution is inadmissible in a state court. A hearing held pursuant to Mapp addresses whether evidence obtained as a result of a search or seizure should be suppressed at trial.

conviction because: (1) the evidence presented at his trial was not sufficient to support a conviction for criminal sale of a controlled substance in the third degree or, alternatively, the verdict was against the weight of evidence; (2) the prosecution failed to prove beyond a reasonable doubt that he possessed a controlled substance or, alternatively, the verdict was against the weight of evidence; (3) he was denied a fair trial because the trial court permitted the prosecution to elicit testimony regarding street-level drug trafficking organizations; (4) the trial court erred when it permitted the prosecution to elicit testimony from a court officer concerning Arias' ability to speak English; (5) he was denied a fair trial due to the cumulative effect of erroneous evidentiary rulings, and the bias and animus exhibited by the trial court toward Arias' attorney; and (6) the sentence imposed by the trial court was excessive.

On May 11, 2000, the Appellate Division affirmed Arias' conviction unanimously. See People v. Arias, 272 A.D.2d 156, 708 N.Y.S.2d 615 (App. Div. 1st Dep't 2000). That court found that: (i) sufficient evidence was presented at the trial for Arias to be found guilty for possession and sale of narcotics as an accessory; (ii) the trial testimony regarding street-level narcotics sales was properly received in evidence since it was probative on the issue of Arias' accessorial liability; (iii) the trial evidence regarding Arias' ability to speak English was properly admitted into evidence because it was probative on the issue of whether Arias uttered the words during the cocaine transaction attributed to him by Walters; (iv) the trial court did not abuse its sentencing discretion; and (v) Arias' claim respecting erroneous evidentiary rulings was unpreserved for appellate review. However, the Appellate Division noted that were it to review the claim it would be rejected.

Arias sought leave to appeal to the New York Court of Appeals from the Appellate Division's determination; that application was denied. See People v. Arias, 95 N.Y.2d 903, 716 N.Y.S.2d 644 (2000). The instant application for a writ of habeas corpus followed.

## III. DISCUSSION

*Exhaustion of State Remedies*

Before a federal court may entertain a habeas corpus petition on behalf of a state prisoner, the petitioner must first exhaust his or her available state remedies. See 28 U.S.C. § 2254(b) and (c); Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971); Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997); Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997); Daye v. Attorney Gen. New York, 696 F.2d 186, 190 (2d Cir. 1982) (en banc). To satisfy the exhaustion doctrine, a habeas corpus petitioner must first "fairly present" his or her federal claim to the highest state court from which a decision can be rendered. Daye, 696 F.2d at 191. A claim is not fairly presented unless the state court was informed of the factual and legal premises of the claim being asserted in federal court. Id. If material factual allegations or legal doctrine are presented in a federal habeas corpus petition that were not presented to the state court, the state court has not had a fair opportunity to rule on the claim. Id. at 191-192. Once a claim is fairly presented, a petitioner must have "utilized all available mechanisms to secure state [appellate review] of the denial of that claim." Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981) (citations omitted).

The petitioner's application for writ of habeas corpus contains five grounds on which he contends the relief he seeks should be granted.[5] Those grounds are: (a) evidence obtained from

---

[5] The petitioner lists twenty-four additional "grounds" for relief in his application for the writ. However, these "grounds" are simply passages excerpted from the factual narrative of the

5

an unconstitutional search and seizure of his person was introduced at his trial in violation of the Fourth Amendment; (b) his arrest was effected in violation of the Fourth Amendment; (c) the prosecution withheld Brady material from him in violation of his Fourteenth Amendment due process right; (d) the prosecution elicited perjured testimony at his trial in violation of his Fourteenth Amendment due process right; and (e) he was denied his Sixth Amendment right to a fair trial when he was prevented from cross-examining a trial witness fully. None of these grounds was raised either in Arias' brief to the Appellate Division, or his application for leave to appeal to the New York Court of Appeals. Therefore, the Court finds that the five grounds upon which Arias relies in seeking habeas corpus relief are unexhausted. Typically, a petitioner may not obtain habeas corpus relief on an unexhausted claim. See 28 U.S.C. § 2254(b)(1). However, there are circumstances where an unexhausted claim may be entertained by a federal court that is reviewing a habeas corpus petition.

*Procedural Default*

When a claim has not been exhausted fully, a federal court analyzing a habeas corpus petition may deem the claim exhausted if it is clear that the state court would find the claim procedurally barred. See Harris v. Reed, 489 U.S. 255, 263 n. 9, 109 S. Ct. 1038, 1043 n. 9 (1989). The facts and circumstances germane to the five grounds upon which Arias seeks habeas

---

petitioner's appellate brief, onto which Arias appended the phrase "Constitutional Amendment 4th, 14th, Equal Protection, due process clause, nor shall any state deprive any person of life, liberty or property without due process of law." Upon a careful and liberal reading of these twenty-four "grounds," the Court finds that these passages from Arias' appellate brief are not assertions by Arias of twenty-four additional grounds upon which the Court should rely in determining whether Arias is entitled to habeas corpus relief. Consequently, the Court's analysis is limited to the five grounds noted above.

corpus relief are matters that are found in the trial court record. As such, the claims made in this court by Arias could have been presented to the Appellate Division for adjudication; Arias failed to do that. Under New York's Criminal Procedure Law ("CPL"), where sufficient facts appear in the trial record to enable a criminal defendant to present a claim(s) to the Appellate Division, but the criminal defendant fails to do so, a motion made later, before the trial court, to vacate the judgment of conviction must be denied. See CPL § 440.10(2)(c). In addition, only one application for leave to appeal to the New York Court of Appeals is permitted. See New York Court Rules § 500.10(a). Arias has sought leave to appeal to the New York Court of Appeals previously; thus, he is foreclosed from making a second application to that court. Therefore, Arias is procedurally barred from seeking state review of the five claims noted above.

Since Arias can no longer present these claims in state court, the claims have been procedurally forfeited. Consequently, these claims may be deemed exhausted by the court for the purpose of habeas corpus review. See Harris, 489 U.S. at 263 n. 9, 109 S. Ct. at 1043 n. 9. In such a circumstance, Arias' claims may be entertained by the court if Arias can show cause for his default and resulting prejudice, or that the court's failure to consider his federal claims will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2564-65 (1991). In determining if cause is present for the procedural default, the court must be careful to limit its inquiry to external factors that inhibited the petitioner or the petitioner's counsel from asserting the claim. See Murray v. Carrier, 477 U.S. 478, 492, 106 S. Ct. 2639, 2648 (1986). Factors may include, inter alia, "interference by officials" that made compliance with the applicable state procedural rule impracticable or "a showing that the factual or legal basis for a claim was not reasonably available to counsel." Murray, 477 U.S. at 488,

7

106 S. Ct. at 2645. Finally, a fundamental miscarriage of justice exists in extraordinary cases where a habeas corpus petitioner is actually innocent of the charge for which he has been convicted. See Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998).

In the case at bar, Arias has not alleged any facts that establish cause for his failure to present the five above-noted claims to the Appellate Division. Nor has he demonstrated that he is actually innocent of the offenses for which he was convicted. Therefore, the Court finds that Arias' claims are procedurally barred and, as such, cannot be reviewed by this court.

*Fourth Amendment Claims*

In addition to the procedural bar that warrants the court in dismissing the petition, an independent basis exists for this court to decline to entertain the petitioner's Fourth Amendment claims. In Stone v. Powell, 428 U.S. 465, 489-90, 96 S. Ct. 3037, 3050 (1987), the Supreme Court explained that a federal court may not grant habeas corpus relief on a Fourth Amendment claim where the petitioner was afforded an opportunity for a full and fair litigation of the Fourth Amendment claim through established state-court mechanisms. A petition for a writ of habeas corpus based on a claimed Fourth Amendment violation may be granted only where the state offered no corrective mechanism to the petitioner, or the petitioner was effectively precluded from using that mechanism because of an "unconscionable breakdown in the procedure." Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) (en banc), cert. denied, 434 U.S. 1038, 98 S. Ct. 775 (1978).

Here, the petitioner was afforded an opportunity for a full and fair litigation of his Fourth Amendment claims in a combined Dunway/Wade/Mapp hearing held by the trial court in

response to Arias' pretrial suppression motion. The trial court denied Arias' motion to suppress physical evidence recovered at the time of his arrest and to preclude testimony concerning his identification as a participant in the sale of cocaine to the undercover detective. The trial court also found that probable cause existed for Arias' arrest. Arias did not seek review of the trial court's decision on his pretrial motion through his appeal to the Appellate Division. Inasmuch as the trial court provided an opportunity for a full and fair litigation of Arias' Fourth Amendment claims, and no evidence is before the Court that demonstrates any "unconscionable breakdown" in the applicable state procedure occurred, no basis exists for the court to review Arias' Fourth Amendment claims.

*Fourteenth Amendment Due Process Claims:*
*Brady Violation and Perjured Testimony*

Arias maintains that the prosecution failed to disclose favorable material evidence to him in violation of his Fourteenth Amendment due process right. He also alleges that the prosecution used perjured trial testimony to secure his conviction, in violation of his Fourteenth Amendment due process right.

A Brady violation occurs where the prosecution fails to disclose to a criminal defendant exculpatory information which is known to be material to the defendant's guilt or punishment. "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." Moore v. Warden, Southport Corr. Facility, 380 F. Supp. 2d 321, 328 (S.D.N.Y. 2005)(citations omitted).

Although Arias has alleged that Brady was violated by the prosecution, he has not presented any facts to the Court that support his allegation. Therefore, in addition to the procedural bar discussed above that prevents Arias from obtaining habeas corpus relief, Arias is not entitled to habeas corpus relief based on his Brady violation claim.

A conviction cannot be maintained if it is based on perjured witness testimony known by the prosecutor to be false. See Jenkins v. Artuz, 294 F.3d 284, 293 (2d Cir. 2002). In order to obtain habeas corpus relief based on his claim that his conviction was secured through the prosecutor's use of perjured testimony, Arias must show a "reasonable likelihood that the false testimony [Arias contends was elicited at his trial] could have affected the judgment of the jury." United States v. Helmsley, 985 F.2d 1202, 1205-06 (2d Cir. 1993)

Here again, Arias has not provided the Court with any facts that support his allegation that the prosecution obtained his conviction based on perjured testimony. Moreover, Arias has not provided any information to the Court regarding the prosecution's knowledge that it elicited any testimony from a trial witness that was perjured. As a consequence, in addition to the procedural bar noted above that prevents Arias from obtaining habeas corpus relief, Arias is not entitled to habeas corpus relief on his claim that his conviction was based on perjured trial testimony elicited by the prosecution.

## IV. RECOMMENDATION

For the reasons set forth above, the petitioner's application for a writ of habeas corpus should be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, United States District Judge, 40 Centre St., Room 410, New York, New York 10007, and to the chambers of the undersigned, 40 Centre St., Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Candair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1998); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
January 11, 2006

Respectfully submitted,

*[signature]*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copy to:

Daniel B. Navabpour, Esq.