UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PEDRO ARIAS,

                                                    ORDER
                       Petitioner,                    01 CV 9986 (GBD) (KNF)

       -against-


JOHN H. SABOURIN, SUPERINTENDENT OF
BAREHILL CORRECTIONAL FACILITY, et al.,

               Respondents.
------------------------------------------------------------x
GEORGE B. DANIELS, DISTRICT JUDGE:

       Pro se petitioner Pedro Arias filed a writ of habeas corpus challenging his conviction, upon a jury verdict rendered on June 12, 1997, for criminal sale of a controlled substance in the third degree. Petitioner argued that: (1) evidence obtained from an unlawful search and seizure of his person was introduced at trial in violation of the Fourth Amendment; (2) his arrest was effected in violation of the Fourth Amendment; (3) the prosecution withheld <u>Brady</u> material from him in violation of his Fourteenth Amendment due process rights; (4) the prosecution elicited perjured testimony at his trial in violation of his Fourteenth Amendment due process rights; and (5) he was denied his Sixth Amendment right to a fair trial when he was prevented from cross-examining a trial witness fully.

       This matter was referred to Magistrate Judge Kevin N. Fox for a Report and Recommendation ("Report"). Magistrate Judge Fox issued a Report wherein he found that petitioner's application should be denied. The magistrate judge found that each of the five grounds upon which petitioner seeks relief is procedurally barred. The magistrate judge further found that petitioner's Fourth Amendment claim, and Fourteenth Amendment claims were

without merit.  The magistrate judge recommended that the petition be denied in its entirety.

In his Report, the magistrate judge advised the parties that failure to file timely objections to the report will constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1) (2006); Fed. R. Civ. P. 72(b).  Neither party filed objections to the Report and the time to do so has expired.

Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record.  Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); see also, Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2d Cir. 1998). After reviewing the Report, the Court finds that the record is not facially erroneous.  Each of petitioner's claims is procedurally barred because petitioner did not raise the claims on direct appeal in his brief to the Appellate Division, nor in his application for leave to appeal to the New York Court of Appeals.

Furthermore, petitioner was afforded an opportunity for a full and fair litigation of his Fourth Amendment claims in a combined Dunway/Wade/Mapp hearing held by the trial court in response to petitioner's pretrial suppression motion.   In addition, petitioner's Fourteenth Amendment claims fail because petitioner has not provided the Court with any facts to support his allegations that any violation occurred.  Accordingly, the Court adopts the Report and for the reasons stated therein, the writ is hereby denied and the petition dismissed.

As petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir. 1998); United States v. Perez, 129 F.3d 255, 259-060 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997).  Additionally, the Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

Dated: New York, New York
      January 28, 2006

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge